**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION**

| | | |
|---|---|---|
| Desi Lowe, | ) | Civil Action No. 6:05-1874-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| Rentway, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

The plaintiff filed this action against his previous employer, Defendant Rentway, Inc., alleging that the defendant discriminated against him because of his race by demoting him. He alleges causes of action for disparate treatment and disparate impact race discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, and Title 42, United States Code, Section 1981.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate William M. Catoe, for pretrial handling. On April 27, 2006, the defendant filed a motion for summary judgment. On May 18, 2006, the plaintiff filed a response in opposition to the motion for summary judgment. A reply was filed by the defendant on May 30, 2006. On August 3, 2006, the Magistrate Judge filed a detailed and comprehensive Report and Recommendation. In the Report, after analyzing the applicable law and the plaintiff's allegations, the Magistrate Judge recommends to this court that the defendant's motion for summary judgment be granted. The plaintiff filed an objection to the Magistrate Judge's Report and Recommendation on August 23, 2006.

The Magistrate Judge only makes a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. See Matthews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made,

and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. See 28 U.S.C. § 636(b)(1). In the absence of objections to the Report and Recommendation, this court is not required to give any explanation for adopting the recommendation. Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

## **Discussion**

As stated above, the plaintiff filed what purported to be an "objection" to the Magistrate Judge's Report and Recommendation on August 23, 2006. However, the court finds that the plaintiff's objection is not actually an objection to the Magistrate Judge's Report and Recommendation and is nothing more than another brief response to the defendant's motion for summary judgment. As a matter of fact, the plaintiff's "objection" is even captioned "Memorandum in Opposition to Motion for Summary Judgment." Importantly, the plaintiff points to no findings in the Report and Recommendation to which he takes specific objection. Notably, the plaintiff never even mentions the Magistrate Judge's Report and Recommendation. In the opinion of this court, the plaintiff's "objection" does not satisfy the specificity requirement outlined in Rule 72(b) of the Federal Rules of Civil Procedure.[1] Without specific objection to the Magistrate Judge's reasoning, this court will not discuss the conclusion reached by the Magistrate Judge any further. 28 U.S.C. § 636(b)(1)(C) (If a party

---

[1] Rule 72(b) states:

> Within ten days after being served with a copy of the recommended disposition, a party may serve and file **specific, written objections to the proposed findings and recommendations**. . . . The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of **any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule**.

Fed.R.Civ.P. 72(b) (emphasis added).

objects, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made"); see also Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982) (failure to file specific objections to particular conclusions in Magistrate Judge's Report, after warning of consequences of failure to object, waives further review).

### Conclusion

After carefully reviewing the Report, "objection," pleadings, memoranda and applicable law, the court adopts the Magistrate Judge's Report and Recommendation [Entry # 44], and incorporates it herein. The plaintiff's "objection" to the Report is hereby overruled. Accordingly, the defendant's motion for summary judgment [Entry # 32] is **GRANTED**.

**IT IS SO ORDERED**.

                                          s/ R. Bryan Harwell
                                          R. Bryan Harwell
                                          United States District Judge

August 29, 2006
Florence, South Carolina